BEFORE THE FIRST DIVISION, JUNE 9, 1944

**No. 49484.**—Petition 6362–R of Chilewich Sons & Co., Inc. (William J. Oberle, Inc.) (New Orleans).

Opinion by WALKER, J.   It appeared in this case that a shipment of hides consigned to New York was invoiced at 10 cents per pound.   For reasons of safety the vessel was ordered to proceed to New Orleans instead of New York, and that while the merchandise was still at sea it was purchased by petitioner, under permit, at a price of 14 cents per pound.   From the testimony of the president of the brokerage firm who handled the entry at New Orleans it appeared that as a result of many such diversions of shipments the customs brokerage capacity at that port was severely overburdened; that he had received, with the invoice and other papers from an associate customs brokerage firm in New York, a form which indicated that the price had advanced and he had also received a separate communication from the New York firm stating that a subsequent order had been placed for the same kind of merchandise at the 14 cent price; that due to a shortage of manpower and abnormal pressure of business the information in the papers was overlooked, the separate communication not being matched with the entry, and entry was therefore made at the invoice price of 10 cents per pound.   Government counsel, at the close of final hearing in the case, stated that he had talked with the examiner and appraiser who passed the merchandise and also the customs agent investigating it, and their opinion was unanimous that the entrant's reputation for honesty and integrity was of the highest and that the entry in this case, was so made due to the pressure of business.   The court was of the opinion that the record negatives any conclusion that entry at a less value than that found upon appraisement was intentional.   Petition was therefore granted.

BEFORE THE THIRD DIVISION, JUNE 10, 1944

**No. 49485.**— Protests 82337–K, etc., of Continental Grain Co. et al. (Buffalo).

Opinion by CLINE, J.   It was stipulated that the merchandise in question is the same in all material respects as the oat scalpings the subject of *Richardson* v. *United-States* (12 Cust. Ct. 6, C. D. 823), which record was incorporated herein. It was therefore held dutiable at 5 percent ad valorem under paragraph 731 and T. D. 49752 as claimed.

**No. 49486.**—Protests 10248–K, etc., of Adolph Goldmark & Sons et al. (Detroit, etc.).

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 49487.**—Protests 27587–K, etc., of Browne Vintners Co., Inc., et al. (Los Angeles).

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests